John McKinnon and Wife, v. Cedar Rapids and Iowa City Railway & Light Co., Appellant.

Eminent domain: RIGHT-OF-WAY: DAMAGE: APPEAL. Where a railway company appealed from an award of damages in a condemnation proceeding for right-of-way, an appeal by the landowner was not necessary in order that he might procure a larger award on the trial of the company's appeal.

Condemnation: APPEAL. Where both the railway company and landowner appealed from an assessment of damages for right-of-way and

the two appeals were consolidated, after which the company dismissed its appeal without objection, the order of the district court in refusing to dismiss the landowner's appeal and affirm the assessment will not be reviewed.

*Appeal from Linn District Court.*— Hon. B. H. Miller, Judge.

Tuesday, January 17, 1905.

Appeal from action of the lower court in overruling the motion of defendant to affirm an allowance of damages made in a condemnation proceeding, from which the plaintiff — that is, the landowner — had appealed.— *Affirmed.*

*John A. Reed,* for appellant.

No appearance for appellee.

McClain, J.— In a condemnation proceeding instituted by the railroad company to have damages assessed for a right of way over plaintiff's land an award was made, and the company served notice of appeal, and had the appeal docketed, as provided by Code, section 2009. Thereafter the plaintiff (that is the landowner, who, by the provisions of the sections just cited, is to be treated as plaintiff) also served notice of appeal, and caused a transcript of the proceedings to be filed with the clerk of the district court, but did not pay any filing fee. The railroad company thereupon caused an appeal by the landowner to be docketed, paying the filing fee, and asked the district court by motion to affirm the assessment of the sheriff's jury, under the provisions of Code, section 3660, for failure of the plaintiff to prosecute his appeal by having the same docketed. The trial court overruled this motion, and ordered the so-called appeal of plaintiff to be consolidated with that taken by the railroad company from the same assessment. The company then dismissed its appeal in the district court and now complains of the action of that

court in overruling the motion to dismiss the plaintiff's appeal.

It is apparent that the case before us presents nothing but a question of costs. No appeal by the landowner to the district court was necessary, after the company had already appealed, in order that the landowner might get larger damages than those awarded by the sheriff's jury should he be found entitled to them on the trial of the company's appeal. See Code, section 2009, 2011. Perhaps he was entitled to serve a notice on his own account, and have the sheriff transmit any portion of the finding of the sheriff's jury not already transmitted in response to the company's notice. However that may be, plaintiff has not objected, so far as appears, to the dismissal of the appeal by the company, made after the order of consolidation. We cannot see what possible advantage would accrue to the company from a reversal of the ruling by which the district court refused to dismiss the landowner's appeal, if one was taken, which has already been, in effect, dismissed by the dismissal of the company's appeal, with which it has been consolidated. We do not try mere abstract or hypothetical cases.— *Affirmed.*